# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HIRAM OMAR GRAHAM,<br><br>   Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | Case No. 20-CV-961-JPS<br><br>**ORDER** |

On February 14, 2018, petitioner Hiram Omar Graham ("Graham") pled guilty to six counts of Hobbs Act Robbery in violation of 18 U.S.C. § 1951, and one count of brandishing a firearm in violation of 18 U.S.C § 924(c)(1)(A)(ii). *United States of America v. Graham*, 17-CR-229-JPS, (Docket #11). Graham was sentenced to 60 months of imprisonment on the robbery charges, and 84 months on the brandishing charge, for a total prison term of 144 months. Case No. 17-CR-229, (Docket #26). Graham's sentence was affirmed by the Seventh Circuit on March 18, 2019. Case No. 17-CR-229, (Docket #40).

On June 26, 2020, Graham filed a motion pursuant to 28 U.S.C. § 2255 to vacate his 924(c) conviction. (Docket #1). That motion is now before the Court for screening:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings.

Generally, the Court begins the screening process by examining the timeliness of the motion and whether the claims therein are procedurally defaulted. The Court need not address those matters in this case, however, because Graham's sole ground for relief is plainly meritless. Graham suggests that the Supreme Court's recent decision in *Davis v. United States*, 139 S. Ct. 2319 (2019), warrants vacating his Section 924(c) conviction. *See generally* (Docket #2).

To understand the import of *Davis*, one must first know a bit about Section 924(c). That statute imposes sentences, carrying substantial mandatory minimums for imprisonment, when a person uses a firearm during the commission of a "crime of violence." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" must always be a felony, and it must also fall within one of two definitions. The first definition, known as the "elements" or "force" clause, says that the subject crime must "[have] as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" *Id.* § 924(c)(3)(A). The second definition, known as the "residual" clause, sweeps in any crime "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B). *Davis* invalidated the residual clause as being unconstitutionally vague. *Davis*, 139 S. Ct. at 2336.

That ruling means little for those in the Seventh Circuit, as our own Court of Appeals struck down the residual clause some time ago. *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016). Indeed, *Davis* also means little for Graham himself. Hobbs Act Robbery has been found to fall within

the elements clause, not the invalidated residual clause. *United States v. Anglin*, 846 F.3d 954, 964–65 (7th Cir. 2017) (holding that Hobbs Act robbery constitutes a "crime of violence" within the meaning of Section 924(c)(3)(A)). Thus, Graham's 18 U.S.C. § 1951 convictions serve as a valid predicate for the Section 924(c) conviction via the elements clause.

Graham argues that Hobbs Act Robbery does not necessarily constitute a crime of violence, because Hobbs Act Robbery could feasibly be conducted "with threatened de minimis force or no force at all" to property, and therefore is not a "crime of violence." (Docket #2 at 5). This argument is contrary to controlling Seventh Circuit precedent. In *Anglin*, for example, the Seventh Circuit explained that Hobbs Act Robbery "necessarily requires using or threatening force," and noted that the defendant's argument that "a robber hypothetically could put his victim in 'fear of injury' without using or threatening force" was "contrary to our precedents." 846 F.3d at 965. The Court is not empowered to overrule the Seventh Circuit. Thus, because Graham is plainly not entitled to relief on the ground presented in his motion, the Court is compelled to deny the motion and dismiss this action with prejudice.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Graham must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations

omitted). No reasonable jurists could debate whether Graham's motion presented a viable ground for relief. *Davis* has no bearing on his convictions or sentence, and this Court lacks authority to overturn *Anglin*. As a consequence, the Court is compelled to deny a certificate of appealability as to Graham's motion. Finally, the Court closes with some information about the actions that Graham may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 1st day of July, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge